**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Alex Munoz, Gabriel Munoz, and Juan G. Munoz individually and on behalf of other similarly situated employees, Plaintiffs
v.
Sullivan's of Illinois, Inc. dba Sullivan's Steakhouse, Defendant

## COMPLAINT

Alex Munoz, Gabriel Munoz, and Juan G. Munoz ("Plaintiffs"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), and 820 ILCS § 115/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), complain against Sullivan's of Illinois, Inc. dba Sullivan's Steakhouse ("Defendant"). In support, Plaintiffs state:

### Introduction

1. Defendant operates a steakhouse restaurant commonly known as "Sullivan's Steakhouse" at 415 N. Dearborn Street in Chicago, Illinois. This lawsuit arises from Defendant's violations of the minimum wage and tip-credit provisions of the FLSA (29 U.S.C. § 203(m)) and the IMWL 820 ILCS § 105/4(c)).

2. Defendant treats many employees as "tipped employees" under the tip-credit provisions of the FLSA and IMWL and pays tipped employees a sub-minimum hourly wage.

3. The FLSA and IMWL permit employers of tipped employees to pay wages less than the minimum wage rate by taking a tip credit against tipped employee wages if employers strictly comply with the requirements of FLSA and IMWL tip-credit provisions.

4. Defendant willfully operated an illegal tip pool. Defendant's tip pool was illegal because tipped employees did not retain all of their tips. Tipped employees did not retain all of their tips because tips were improperly shared with and distributed to Defendant's management, including, but not limited to, General Manager Spenser Tuzzo and Manager Marlene Yanqui.

5. "Tips are the property of the employee whether or not the employer has taken a tip credit under Section 3(m) of the FLSA." 29 C.F.R. § 531.52.

6. Plaintiffs and the persons they seek to represent are Defendant's current and former tipped employees that were harmed by Defendant's illegal tip pool operation.

## Jurisdiction and Venue

7. 28 U.S.C. § 1331 grants the Court original jurisdiction over Plaintiffs' FLSA claims.

8. 28 U.S.C. § 1337 grants the Court supplemental jurisdiction over Plaintiffs' Illinois claims.

9. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## Facts

10. Defendant had annual gross sales of $500,000.00 or more during the limitations period.

11. Defendant is an enterprise as defined by 29 U.S.C. § 203(r)(1).

12. Defendant was engaged in commerce during the relevant employment period within the meaning of 29 U.S.C. § 203(s)(1)(A).

13. Defendant is Plaintiffs' "employer" as defined by the FLSA, IMWL, and IWPCA.

14. Plaintiffs are Defendant's employees as defined by the FLSA, IMWL, and IWPCA.

15. Plaintiffs are employed as bussers at Sullivan's Steakhouse and are tipped employees.

16. During the course of employment, Plaintiffs handled goods that moved or that were intended to move in interstate commerce such as drinks, food, equipment, and supplies.

17. Gabriel Munoz has worked for Defendant since August 2014.

18. Alexander Munoz has worked for Defendant since July 2016.

19. Juan G. Munoz has worked for Defendant since October 2016.

## COUNT I: FLSA Minimum Wage Violation (Collective Action)

20. Plaintiffs incorporate all paragraphs above as if fully restated below.

21. This count arises from Defendant's willful operation of an illegal tip pool. Defendant's illegal tip pool violated the FLSA's minimum wage and tip credit provisions, by forcing Plaintiffs and other similarly situated tipped employees to pool tips with employees (managers) who did not customarily and regularly receive tips at Defendant's restaurant.

22. Each Plaintiff's notice of consent to become a party Plaintiff in a collective action under the Fair Labor Standards Act is attached hereto as an exhibit.

23. Plaintiffs and other current and former tipped employees were not exempt from the FLSA's minimum wage and tip credit provisions.

24. Defendant takes a tip credit against Plaintiffs' and other tipped employees' wages.

25. 29 U.S.C. § 203(m) allows an employer to take a credit against a tipped employee's wages if all tips are "retained by the employee."

26. 29 U.S.C. § 203(m) does not "prohibit the pooling of tips among employees who customarily and regularly receive tips."

27. The employer forfeits the tip credit if the provisions of 29 U.S.C. §203(m) are violated.

28. Although Defendant improperly took a tip credit against tipped employees' wages because Defendant failed to comply with 29 U.S.C. § 203(m).

29. Defendant forfeited the tip credit against Plaintiffs' and other similarly situated tipped employees' wages because Plaintiffs and other similarly situated tipped employees did not retain their tips as required by 29 U.S.C. § 203(m).

30. Defendant required Plaintiffs and other tipped employees to pool tips with managers, including but not limited to, General Manager Spenser Tuzzo and Manager Marlene Yanqui.

31. Spenser Tuzzo and Marlene Yanqui are managers at Defendant's restaurant and are not the type of employees who are customarily and regularly supposed to receive tips.

32. Plaintiffs and other similarly situated tipped employees were not permitted to retain all the tips tendered by Defendant's customers because Defendant's management took their tips.

33. Plaintiffs and other similarly situated tipped employees are due unpaid minimum wages, the tips improperly retained by management, and liquidated damages.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Declare Defendant to be in violation of the FLSA;

B. Determine that this action may be maintained as a FLSA collective action;

C. Enter a judgment in favor of Plaintiffs and other similarly situated tipped employees for unpaid minimum wages and unretained tips;

D. Award liquidated damages, reasonable attorneys' fees, and costs; and

E. Grant any other relief this Court deems appropriate.

## COUNT II: IMWL Minimum Wage Violation (Class Action)

34. Plaintiffs incorporate all paragraphs above as if fully restated below.

35. This count arises from Defendant's willful operation of an illegal tip pool. Defendant's illegal tip pool violated the IMWL's minimum wage and tip credit provisions, by forcing Plaintiffs and other similarly situated tipped employees to pool tips with employees (managers) who did not customarily and regularly receive tips at Defendant's restaurant.

36. As a result of the common purpose and the similar language of the IMWL and the FLSA, the same analysis generally applies to the two statutes: the IMWL parallels the FLSA and the same analysis which applies to a violation of the FLSA applies to the IMWL.

37. Plaintiffs and other current and former tipped employees were not exempt from the IMWL's minimum wage and tip credit provisions.

38. Defendant takes a credit against Plaintiffs' and other tipped employees' wages.

39. In exchange for the Plaintiffs' work, Defendant was obligated to pay Plaintiffs and each putative IMWL class member owed, unpaid tips and owed, unpaid minimum wages.

40. Defendant's illegal tip-pool operation and its improper taking of the tip credit has resulted in Defendant's tip pool employees not being paid the full amount of minimum wages owed them, in violation of 820 ILCS § 105/4.

41. Defendant illegally required Plaintiffs and other tipped employees to pool tips with managers, including but not limited to, General Manager Spenser Tuzzo and Manager Marlene Yanqui.

42. Spenser Tuzzo and Marlene Yanqui are managers at Defendant's restaurant and are not the type of employees who are customarily and regularly supposed to receive tips.

43. Plaintiffs and putative IMWL class members were not permitted to retain all the tips tendered by Defendant's customers because Defendant's management took their tips.

44. Defendant has failed to pay Plaintiffs and putative IMWL class members the full amount of wages they earned because of Defendant's improper taking of a tip credit and Defendants' illegal tip pool operation.

45. Plaintiffs and putative IMWL class members have been damaged by Defendant's failure to pay them the full amount of wages they earned for all the time they worked for the relevant time period.

46. Plaintiffs and putative IMWL class members are due unpaid minimum wages, the tips improperly retained by management, and statutory damages.

47. Plaintiffs and putative IMWL class members are entitled to recover unpaid wages for three years before the filing of this suit.

48. Plaintiffs bring this count as a class action under Fed.R.Civ.P. 23.

49. Defendant employed more than forty individuals in similar positions in the State of Illinois in the last three years.

50. This count is brought as a class action because the proposed class is so numerous that joinder of all members is impracticable. Therefore, Plaintiffs bring this action on their own behalf and on behalf of other aggrieved employees, in a representative capacity, against Defendant.

51. Plaintiffs and putative IMWL class members are equally affected by Defendant's IMWL violations, and the relief sought is for the benefit of the Plaintiffs named in this lawsuit and the class that Plaintiffs seek to represent.

52. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between putative IMWL class members, if any.

53. Plaintiffs and putative IMWL class members on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought: owed unpaid minimum wages, owed unretained tips, statutory damages, attorneys' fees, and the costs of this lawsuit.

54. Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

55. If individual actions were required of each person injured or affected, it would necessarily result in a multiplicity of lawsuits and would create a hardship to the individuals, the Court, and Defendant. Thus, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Declare that Defendant has violated the IMWL;

B. Certify a class pursuant to Fed.R.Civ.P. 23;

C. Enter a judgment in favor of Plaintiffs and putative IMWL class members for owed unpaid minimum wages and owed unretained tips;

D. Award damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2; and

E. Grant any other relief this Court deems appropriate.

## COUNT III: IWPCA Tip Pool Violation (Class Action)

56. Plaintiffs incorporate all paragraphs above as if fully restated below.

57. This count arises from Defendant's willful operation of an illegal tip pool. Defendant's illegal tip pool violated the IWPCA, by forcing Plaintiffs and putative IWPCA class members to pool tips with employees (managers) who did not customarily and regularly receive tips at Defendant's restaurant called "Sullivan's Steakhouse."

58. Defendant promised to pay Plaintiffs and putative IWPCA class members for their work at rates agreed upon between them. Plaintiffs and putative IWPCA class members are entitled to be paid the full amount of wages they earned, including tips.

59. Defendant's operation of an illegal tip pool and its improper taking of the tip credit has resulted in Plaintiffs and putative IWPCA class members not being paid the full amount of wages owed to them, in violation of 820 ILCS § 115/4.

60. Defendant failed to pay Plaintiffs and putative IWPCA class members the full amount of wages they earned because of Defendant's practice of requiring Plaintiffs and putative IWPCA class members to participate in an illegal tip pool operated by Defendant.

61. Plaintiffs and putative IWPCA class members are entitled to be paid all wages earned and owed to them pursuant to 820 ILCS § 115/4.

62. Plaintiffs and putative IWPCA class members have been damaged by not being paid the full amount of wages due to them for all time worked for the relevant time period.

63. Plaintiffs and putative IWPCA class members are entitled to recover unpaid wages for ten years before the filing of this suit.

64. Plaintiffs bring this count as a class action under Fed.R.Civ.P. 23.

65. Defendant employed more than forty individuals in similar positions in the State of Illinois in the last ten years.

66. This count is brought as a class action because the proposed class is so numerous that joinder of all members is impracticable. Therefore, Plaintiffs bring this action on their own behalf and on behalf of other aggrieved employees, in a representative capacity, against Defendant.

67. Plaintiffs and putative IWPCA class members are equally affected by Defendant's IWPCA violations, and the relief sought is for the benefit of the Plaintiffs named in this lawsuit and the class that Plaintiffs seek to represent.

68. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between putative IWPCA class members, if any.

69. Plaintiffs and putative IWPCA class members on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought: owed unpaid wages, owed unretained tips, statutory damages, attorneys' fees, and the costs of this lawsuit.

70. Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

71. If individual actions were required of each person injured or affected, it would necessarily result in a multiplicity of lawsuits and would create a hardship to the individuals, the Court, and Defendant. Thus, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Declare that Defendant has violated the IWPCA;

B. Certify a class pursuant to Fed.R.Civ.P. 23;

C. Enter a judgment in favor of Plaintiffs and putative IWPCA class members for unpaid wages;

D. Award damages pursuant to 820 ILCS § 105/14(a); and

E. Grant any other relief this Court deems appropriate.

Respectfully submitted on Friday, February 10, 2017.

**Valentin T. Narvaez**
Plaintiffs' counsel

Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com