EXHIBIT 2

**OGLETREE DRAFT [11/12/2017]**

**FLSA SETTLEMENT AGREEMENT BETWEEN ALEX MUNOZ AND SULLIVAN'S OF ILLINOIS, INC**

This FLSA Settlement Agreement (hereinafter "Agreement") is made by and between Alex Munoz (hereinafter "Plaintiff" or "Alex Munoz"), and Sullivan's of Illinois, Inc. ("Defendant" or "Company"). Collectively, Plaintiff and the Defendant shall be referenced as the "Parties."

WHEREAS, this Agreement is the product of arms-length settlement negotiations between Plaintiff and Defendant, in which all parties have been represented by counsel. Plaintiff has been afforded an adequate opportunity to read and consider the terms of this Agreement and to consult with his attorneys.

WHEREAS, Plaintiff was a named plaintiff in the lawsuit currently pending in the United States District Court for the Northern District of Illinois captioned *Alex Munoz, Gabriel Munoz, and Juan G. Munoz, on behalf of themselves and others similarly situated*, Case No. 1:17-cv-01089 (the "Lawsuit"); and

WHEREAS, Defendant denies the allegations in the Lawsuit and further denies that it violated any law in connection with the employment of Plaintiff; and

WHEREAS, the Parties now desire to fully and completely settle and dispose of any claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, that Plaintiff ever had, or may now have, whether known or unknown, against Defendant or any of its Affiliates (as defined below); and Plaintiff understands and agrees that this Agreement settles, bars and waives any and all such claims that he has or could possibly have against Defendant or any of its Affiliates existing, arising from, relating to, or connected with acts or omissions occurring at any time prior to and including the date Plaintiff executes this Agreement;

WHEREAS, the Parties desire to enter into this Agreement each without admitting liability, wrongdoing, or legal violation, or the lack thereof, to any other party; and

THEREFORE, Plaintiff and Defendant, for the good and valuable consideration stated below and in the consideration described within this Agreement, the sufficiency of which is acknowledged, agree as follows:

1. Settlement Amount. In exchange for Plaintiff's promises contained herein, Defendant agrees to pay to Plaintiff, the sum total of One Thousand Two Hundred Fifty One Dollars and Sixty Cents ($1,251.60) (hereinafter "Settlement Amount"). The Settlement Amount shall be allocated as follows:

(a) Five Hundred Dollars and Sixty-Four Cents ($500.64) for attorney's fees payable to Consumer Law Group, LLC;

(b) Seven Hundred Fifty Dollars and Ninety-Six Cents ($750.96), less applicable tax withholdings required by law, payable to Plaintiff Alex Munoz;

The amount in subparagraph (a) shall be paid directly to Plaintiff's attorney by check made payable to the "Consumer Law Group, LLC" and the law firm will receive an IRS Form 1099 for the amount in subparagraph (a). The amount in subparagraph (b) shall be paid directly to Plaintiff by check, less applicable tax withholdings, for which Plaintiff will receive a tax form W-2.

1.1. Conditions Precedent. Payment of the Settlement Amount is conditioned upon (a) execution of this Agreement by Plaintiff; (b) Consumer Law Group, LLC completing an IRS Form W-9 and submitting it to counsel for Defendant; (c) the filing of Joint Motion for Approval of Settlement Agreement with the Court by Plaintiff; and (d) the Court's approval of this Agreement.

1.2. Timing. The payment of the settlement amount shall be paid no later than 7 days of the Court's granting of the motion for settlement approval, so long as all the conditions precedent described in Paragraph 1.2 have been satisfied. In the event that all the conditions precedent in Paragraph 1.1 have not yet been satisfied at the time the Court approves the Agreement, the payment of the settlement amount shall be made within 7 days of the completion of the last condition precedent.

2. Tax Liability. Except as to tax withholdings made by Defendant in connection with the payments in subparagraphs 1.1(b), Plaintiff agrees to be solely liable for any and all income tax, employment taxes or other taxes or assessments owed by them in connection with any payment made pursuant to this Agreement, and Plaintiff agrees to indemnify, defend and hold Defendant harmless for any and all liabilities, including penalties and interest charges, that may be assessed against them by any taxing authority in connection with any payment to Plaintiff in connection with any payment made pursuant to this Agreement.

3. Plaintiff's Release. Plaintiff, on behalf of himself and his attorneys, heirs, agents, assigns, representatives, and designees, hereby knowingly, voluntarily, fully, finally, and completely SETTLES, RELEASES, AND FOREVER DISCHARGES Defendant, its Affiliates (defined below), as well as all of their former, existing, and future employees, supervisors, managers, officers, directors, attorneys, stockholders, partners, agents, assigns, representatives, insurers, plan administrators, parent companies, subsidiaries, and other related persons or entities, in their individual, corporate, or official capacities, (collectively, the "Released Parties") from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses, and causes of action pertaining to hours worked or payment of wages of any kind whatsoever, arising under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, which I have or might have had known or unknown, asserted or un-asserted, of any kind whatsoever, even if presently unknown and/or unasserted, that occurred at any time up to and including the date of the execution of this Agreement. This includes any and all claims that were alleged or could have been alleged in this action under the FLSA relating to minimum wages, tip credit, gratuities, tip policies, tip notices or improper tip sharing at the Sullivan's of Illinois, Inc., including claims for liquidated damages, interest and attorney's fees. Plaintiff also acknowledges that any such claims for the time he was employed by Sullivan's of Illinois, Inc. at Sullivan's of Chicago at 415 N Dearborn St, Chicago, IL 60654 will be fully and finally extinguished.

3.1. By signing this Agreement, it is Plaintiff's intent to, and he hereby waives and releases all claims and potential claims arising under the FLSA against the Released Parties existing, arising from, relating to, or connected with acts or omissions occurring at any time prior to and including the date Plaintiff executes this Agreement. In the unlikely event that a claim or potential claim arising under the FLSA has been omitted from this release, Plaintiff hereby assigns and conveys said claims and potential claims to Defendant in exchange for Defendant's obligations in this Agreement. Plaintiff agrees to release and discharge the Released Parties not only from any and all FLSA claims that Plaintiff could make on his own behalf, but Plaintiff also specifically waives any right to become, and promises not to become, a member of any class in any proceeding or case in which a claim or claims against the Released Parties may arise, in whole or in part, from any event that occurred prior to the date Plaintiff executes this Agreement. If Plaintiff is not permitted to opt-out of a future class, then Plaintiff agrees to waive any recovery for which Plaintiff would be eligible as a member of such class.

3.2. Except as may be necessary to enforce this Agreement, or to seek a judicial determination of the validity of the waiver of claims, and to the fullest extent permitted by law, Plaintiff agrees not to join or continue any Lawsuit, arbitration, administrative charge or complaint, or other proceeding (collectively, "Proceedings") against any of the Released Parties that is based in whole or in part on any claim or cause of action Plaintiff has released in this Agreement. Plaintiff represents that he is not a party to any pending Proceedings, whether internal or external, related to such matters, except for the Lawsuit. Notwithstanding the foregoing, nothing in this Agreement or the release contained herein is intended to limit or impair Plaintiff's right to file a charge with, or participate in an investigation or proceeding conducted by, the , EEOC, NLRB, or any other state, federal, or local administrative agency, but it is intended that Plaintiff releases, waives, relinquishes, and foregoes, to the maximum extent allowed by law, all legal and equitable relief that Plaintiff otherwise may recover pursuant to the filing or prosecution of any Proceeding against the Released Parties, whether filed by Plaintiff or others, which is based in whole or in part on any claim or cause of action Plaintiff has released in this Agreement. This Agreement does not prohibit or restrict Plaintiff from initiating communications directly with, or responding to any inquiry from, or providing testimony before, any state or federal regulatory authority. Plaintiff is not required to notify Defendant if Plaintiff made such reports or disclosures, or to secure Defendant's permission to do so.

3.3. Attorneys' Fees and Costs. Plaintiff agrees and stipulates that the payment described in Paragraph 1 along with that described above represents the complete and total amount payable to Plaintiff and his current or former attorneys by Defendant; and further agrees that no other attorneys have any lien or claim for attorneys' fees in connection with representing them in the Lawsuit or in any other matter involving the Released Parties; and that this Agreement precludes Plaintiff from seeking any additional fees and/or costs from Defendant in connection with the Lawsuit in this matter or in connection with any claim released in this Agreement. Plaintiff acknowledges that he shall be solely responsible for compliance with and satisfaction of any attorneys' lien or other claim for their attorneys' fees arising under this Agreement not specified in Paragraph 1, and further agrees to indemnify Defendant for any and all costs to Defendant as a result of any actions relating to an attorneys' lien pertaining to this matter.

4. No Liability or Admission. Plaintiff understands that this Agreement is not an admission of any wrongdoing by Defendant. Defendant specifically denies any wrongdoing under any federal, state or local statute, public policy, tort law, contract law, or common law. It is expressly understood and agreed that the terms of this Agreement are contractual and not merely recitals, and that the agreements contained herein and the consideration transferred is intended to compromise disputed claims, avoid and terminate litigation, and buy peace, and that no release or other consideration given by any Party shall be construed as an admission of wrongdoing or liability.

5. Acknowledgment of Voluntary Act. Plaintiff acknowledges that he has not been pressured by any person or entity to sign this Agreement and agrees that he signed this Agreement knowingly, voluntarily, with the benefit of consulting with the attorney(s) of his own choosing, with a full understanding of its terms and significance, and intending to be bound by its terms.

6. Modifications. No modification of this Agreement shall be effective unless it is in writing duly signed by all of the Parties hereto.

7. Parties Responsible for Their Own Fees and Costs. Except as specifically set forth herein, the Parties are to bear their own fees and costs arising from the Litigation and negotiation of this Agreement, including attorneys' fees.

8. Full Agreement and Mutually Drafted. The Parties understand and acknowledge that this Agreement is made without reliance upon any statement or representation other than those expressly described in this Agreement. This Agreement expresses the full and complete settlement of all liability claimed by Plaintiff and denied by Defendant with respect to the claims and causes of action described herein. This Agreement shall be deemed to have been drafted by both Plaintiff and Defendant. No interpretive presumption based on the party that drafted the Agreement will be used in any future dispute arising out of this Agreement.

9. Severability. The Parties agree that if any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

10. Limited Use of Agreement. This Agreement can only be used as evidence in a subsequent proceeding in which either party claims that the Agreement itself has been breached.

11. Governing Law. The validity, construction, and interpretation of this Agreement and the rights and duties of the Parties hereto shall be governed by the laws of the State of Illinois without regard to any state conflict of law rules.

12. Execution. This Agreement may be executed in counterparts, and a faxed or PDF signature shall have the same force and effect as an original signature.

13. Voluntary Agreement by Plaintiff. Plaintiff acknowledges that he has carefully read this Agreement and knowingly and voluntarily agrees to execute same.

14. No Assignment/Indemnity. Plaintiff hereby represents and warrants that Plaintiff has not assigned, pledged, placed a lien upon, or otherwise in any manner sold or transferred, or purported to assign or transfer, either by instrument in writing or otherwise, any interest in any claim, demand, action, and/or cause of action Plaintiff has or may have against any of the Released Parties, and Plaintiff agrees to defend, indemnify, and hold harmless the Released Parties against and from any and all injuries, harm, damages, costs, losses, expenses, and/or liability, including reasonable attorneys' fees and court costs, incurred as a result of any claims or demands that may hereafter be asserted against any of the Released Parties by, through, or by virtue of an assignment or other transfer by Plaintiff, including, without limitation, any lien on the proceeds of this settlement or any subrogation claim. Plaintiff represents and warrants that Plaintiff has made no assignment for the benefit of creditors and that Plaintiff has not filed any bankruptcy proceeding.

15. Representations and Warranties. The Parties represent and warrant that: (a) they have consulted with the respective counsel of their own choosing prior to executing this Agreement and are relying upon their own and their attorney's judgment, belief, and knowledge with respect to the terms and effect of this Agreement; (b) none of the Parties are relying on another Party, or another Party's attorneys, for any advice or counsel, whether same is legal, tax, or other advice; (c) the Parties have not been induced to enter this Agreement by a statement, action, or representation of any kind or character made by the persons or entities released under this Agreement, or any person or persons representing such persons, other than those expressly made in this Agreement; (d) the Parties are legally competent to execute this Agreement; (e) they have carefully read and understand this Agreement, and have executed it freely, voluntarily, and without duress; (f) they are fully and completely informed of the facts relating to the subject matter of this Agreement, the claims being compromised are disputed, and all enter into this Agreement voluntarily after having given careful and mature consideration of the making of this Agreement; (g) they fully understand and intend this Agreement to be a full, final, and complete resolution of all matters described herein; (h) they have actual authority to execute this Agreement. Furthermore, Plaintiff represents and warrants that he has been fully and appropriately paid by Defendant for all hours worked and services rendered through the date of this Agreement, that he has no outstanding claims of any nature against the Defendant or any of the Released Parties, including but not limited to claims for wages, work-related injuries, or otherwise; and have not filed nor is he aware of any work-related illness or injury, retaliation for making or filing a claim for work-related illness or injury, or any facts supporting any such claims against the Defendant, and Plaintiff hereby affirms that he has no known workplace injuries or occupational diseases related to their employment with Defendant and will not file any claims or charges for retaliation or discrimination for making or filing a claim for work-related illness or injury against the Defendant or the Released Parties.

PLEASE READ THIS AGREEMENT AND CAREFULLY CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT. THIS AGREEMENT CONTAINS A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS, INCLUDING THOSE UNDER FEDERAL, STATE AND LOCAL LAWS.

IN WITNESS WHEREOF, the Parties hereby enter this Agreement as indicated by their signatures below.

[*Remainder of Page Left Intentionally Blank*]

Dated: November 21, 2017

**ALEX MUNOZ**

By: ______________________
Alex Munoz

Dated: November 29, 2017

**SULLIVAN'S OF ILLINOIS, INC**

By: ______________________
Sullivan's of Illinois, Inc.

OGLETREE DRAFT [11/12/2017]

**Approved as to Form and Substance:**

Dated: November 21, 2017

CONSUMER LAW GROUP, LLC

By: ______________________
Valentin Narvaez
Attorneys for PLAINTIFF

Dated: November 29, 2017

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: ______________________
James T. McBride
Attorneys for SULLIVAN'S OF ILLINOIS, INC.

31801760.2